IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL MECHANICAL, INC., J&M CONCRETE CUTTING & CORING, INC., RIVERA SURGICAL, LLC, and INTERCOUNTY ENGINEERING INC., <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

# COMPLAINT

Plaintiffs New Hampshire Insurance Company ("New Hampshire Insurance") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (collectively "Plaintiffs") allege the following against Defendants Randall Mechanical, Inc. ("Randall Mechanical"), J&M Concrete Cutting & Coring, Inc. ("J&M Concrete"), Rivera Surgical, LLC ("Rivera Surgical"), and Intercounty Engineering Inc. ("Intercounty Engineering") (collectively "Defendants"):

1

4896-3002-8879

## PARTIES

1. New Hampshire Insurance is an insurance company duly organized and authorized to transact insurance business under the laws of Illinois, in good standing, with its principal place of business located at 1271 Avenue of Americas, Floor 37, New York, NY 10020-1304.

2. National Union is an insurance company duly organized and authorized to transact insurance business under the laws of Pennsylvania, in good standing, with its principal place of business located at 1271 Avenue of Americas, Floor 37, New York, NY 10020-1304.

3. Randall Mechanical is a Florida corporation with its principal place of business located in Apopka, Florida.

4. J&M Concrete is a Florida corporation with its principal place of business located in Apopka, Florida.

5. Rivera Surgical is a limited liability company organized under the laws of Florida.

6. Defendant Rivera Surgical is a limited liability company with a headquarters in Florida; a search of publicly-available information has not revealed the existence of any members of Rivera Surgical who are citizens of New

York, Illinois, or Pennsylvania. Based upon this research, Plaintiffs allege – in good faith – that Rivera Surgical is not a citizen of New York, Illinois, or Pennsylvania.[1]

7. Intercounty Engineering is a Florida corporation with its principal place of business located in Pompano Beach, Florida.

8. Upon information and belief, Defendants are affiliated companies.

9. Upon information and belief, Defendants share the same or similar ownership.

## JURISDICTION AND VENUE

10. There is complete diversity pursuant to 28 U.S.C. § 1332 because New Hampshire Insurance is a citizen of Illinois and New York, National Union is a citizen of Pennsylvania and New York, and Randall Mechanical, J&M Concrete, Rivera Surgical, and Intercounty Engineering are citizens of Florida.

11. As set forth below and incorporated herein, the amount in controversy requirements of 28 U.S.C. § 1332 are satisfied because there is more than $75,000 at issue, exclusive of costs and interest.

12. This action properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendants do or did business in this District, maintain a business address within this District, and failed to remit insurance premium within this District.

---

[1] Plaintiffs reserve the right to amend this paragraph upon securing jurisdictional discovery, from Rivera Surgical (a privately-held LLC), or any other entity.

3

4896-3002-8879

13. Venue is likewise proper in this District under 28 U.S.C. § 1391(b)(2), because the events giving rise to this claim (*i.e.*, failure to remit payment for insurance premium) occurred in this district.

## FACTUAL ALLEGATIONS

14. Plaintiffs incorporate each of the preceding allegations as if fully restated herein.

### First Policy Period

15. On or about April 7, 2020, National Union issued to Randall Mechanical a Business Auto Policy, Policy Number CA5425646 (the "First Business Auto Policy"), for the policy period March 1, 2020 to March 1, 2021 ("First Policy Period"). A true and correct copy of the First Business Auto Policy is attached hereto and incorporated by reference herein as **Exhibit A**.

16. The total initial estimated premium for the First Business Auto Policy was $409,006.00. **Exhibit A**.

17. On or about April 1, 2020, National Union issued to Randall Mechanical a Commercial General Liability Policy, Policy Number GL4693519 (the "First Commercial General Liability Policy"), for the First Policy Period. A true and correct copy of the First Commercial General Liability Policy is attached hereto and incorporated by reference herein as **Exhibit B**.

18. The total initial estimated premium for the First Commercial General Liability Policy was $455,096.00. **Exhibit B**.

19. On or about March 19, 2020, New Hampshire Insurance issued to Randall Mechanical a Workers' Compensation Policy, Policy Number WC16433129 (the "First Randall Mechanical Workers' Compensation Policy"), for the First Policy Period. A true and correct copy of the First Randall Mechanical Workers' Compensation Policy is attached hereto and incorporated by reference herein as **Exhibit C**.

20. The total initial estimated premium for the First Randall Mechanical Workers' Compensation Policy was $1,768,044.00. **Exhibit C**.

21. The total initial estimated premium for the First Business Auto Policy, First Commercial General Liability Policy, and First Randall Mechanical Workers' Compensation Policy (collectively the "First Policy Period Policies") was $2,632,146.00.

22. Pursuant to the First Policy Period Policies, Plaintiffs conducted an audit of Randall Mechanical's books and records for the First Policy Period ("First Policy Period Audit").

23. In the First Policy Period Audit, Plaintiffs found Randall Mechanical owed an additional premium in the amount of $944,185.00.

24.     Additionally, Randall Mechanical incurred $21,633.00 in surcharges under the First Policy Period Policies for the First Policy Period.

25.     Ultimately, Randall Mechanical owed the following total premium for the First Policy Period ("First Policy Period Final Premium"):

| Description | Premium Due |
|---|---|
| Initial Estimated Premium | $ 2,632,146.00 |
| Audit Premium | $ 944,185.00 |
| Surcharges | $ 21,633.00 |
| **Total (Final Premium):** | **$ 3,597,964.00** |

26.     Randall Mechanical made payments in the amount of $2,649,821.00.

27.     Subtracting the monies paid to Plaintiffs, the remaining premium balance due on March 6, 2024 for the Policy Period is **$948,143.00**.

Second Policy Period

28.     On or about May 7, 2021, National Union renewed Randall Mechanical's Business Auto Policy, Policy Number CA5425646 (the "Second Business Auto Policy"), for the policy period March 1, 2021 to March 1, 2022 ("Second Policy Period"). A true and correct copy of the Second Business Auto Policy is attached hereto and incorporated by reference herein as **Exhibit D**.

29.     The total initial estimated premium for the Second Business Auto Policy was $486,080.00. **Exhibit D**.

30. On or about April 20, 2021, National Union renewed Randall Mechanical's Commercial General Liability Policy, Policy Number GL4693519 (the "Second Commercial General Liability Policy"), for the Second Policy Period. A true and correct copy of the Second Commercial General Liability Policy is attached hereto and incorporated by reference herein as **Exhibit E**.

31. The total initial estimated premium for the Second Commercial General Liability Policy was $681,271.00. **Exhibit E**.

32. On or about April 2, 2021, National Union renewed Randall Mechanical's Workers' Compensation Policy, Policy Number WC16433129 (the "Second Randall Mechanical Workers' Compensation Policy"), for the Second Policy Period. A true and correct copy of the Second Randall Mechanical Workers' Compensation Policy is attached hereto and incorporated by reference herein as **Exhibit F**.

33. The total initial estimated premium for the Second Randall Mechanical Workers' Compensation Policy was $1,491,106.00. **Exhibit F**.

34. On or about April 2, 2021, National Union issued to J&M Concrete a Workers' Compensation Policy, Policy Number WC15852315 (the "First J&M Concrete Workers' Compensation Policy"), for the Second Policy Period. A true and correct copy of the First J&M Concrete Workers' Compensation Policy is attached hereto and incorporated by reference herein as **Exhibit G**.

35.     The total initial estimated premium for the First J&M Concrete Workers' Compensation Policy was $14,187.00. **Exhibit G**.

36.     On or about April 2, 2021, National Union issued to Rivera Surgical a Workers' Compensation Policy, Policy Number WC15852319 (the "Rivera Surgical Workers' Compensation Policy"), for the Second Policy Period. A true and correct copy of the Rivera Surgical Workers' Compensation Policy is attached hereto and incorporated by reference herein as **Exhibit H**.

37.     The total initial estimated premium for the Rivera Surgical Workers' Compensation Policy was $2,088.00. **Exhibit H**.

38.     On or about March 31, 2021, New Hampshire Insurance issued to Intercounty Engineering a Workers' Compensation Policy, Policy Number WC15853218 (the "First Intercounty Engineering Workers' Compensation Policy"), for the Second Policy Period. A true and correct copy of the First Intercounty Engineering Workers' Compensation Policy is attached hereto and incorporated by reference herein as **Exhibit I**.

39.     The total initial estimated premium for the First Intercounty Engineering Workers' Compensation Policy was $21,879.00. **Exhibit I**.

40.     The total deposit premium for the Second Business Auto Policy, Second Commercial General Liability Policy, Second Randall Mechanical Workers' Compensation Policy, First J&M Concrete Workers' Compensation

Policy, Rivera Surgical Workers' Compensation Policy, and First Intercounty Engineering Workers' Compensation Policy (collectively the "Second Policy Period Policies") was $2,696,611.00.

41. Pursuant to the Second Policy Period Policies, Plaintiffs conducted an audit of Defendants' books and records for the Second Policy Period ("Second Policy Period Audit").

42. In the Second Policy Period Audit, Plaintiffs found Defendants owed an additional premium in the amount of $735,745.00.

43. Ultimately, Defendants owed the following total premium for the Second Policy Period ("Second Policy Period Final Premium"):

| Description | Premium Due |
| --- | --- |
| Initial Estimated Premium | $ 2,696,611.00 |
| Audit Premium | $ 735,745.00 |
| **Total (Final Premium):** | **$ 3,432,356.00** |

44. Defendants made payments in the amount of $2,696,612.00.

45. Subtracting the monies paid to Plaintiffs, the remaining premium balance due on April 7, 2023 for the Policy Period is **$735,744.00.**

Third Policy Period

46. On or about June 17, 2022, National Union renewed Randall Mechanical's Business Auto Policy, Policy Number CA5425646 (the "Third

Business Auto Policy"), for the policy period March 1, 2022 to March 1, 2023 ("Third Policy Period"). A true and correct copy of the Third Business Auto Policy is attached hereto and incorporated by reference herein as **Exhibit J**.

47. The total initial estimated premium for the Third Business Auto Policy was $690,925.00. **Exhibit J**.

48. On or about June 17, 2022, National Union renewed Randall Mechanical's Commercial General Liability Policy, Policy Number GL4693519 (the "Third Commercial General Liability Policy"), for the Third Policy Period. A true and correct copy of the Third Commercial General Liability Policy is attached hereto and incorporated by reference herein as **Exhibit K**.

49. The total initial estimated premium for the Third Commercial General Liability Policy was $1,003,280.00. **Exhibit K**.

50. On or about April 14, 2022, National Union renewed Randall Mechanical's Workers' Compensation Policy, Policy Number WC16433129 (the "Third Randall Mechanical Workers' Compensation Policy"), for the Third Policy Period. A true and correct copy of the Third Randall Mechanical Workers' Compensation Policy is attached hereto and incorporated by reference herein as **Exhibit L**.

51. The total initial estimated premium for the Third Randall Mechanical Workers' Compensation Policy was $1,240,692.00. **Exhibit L**.

52. On or about April 14, 2022, National Union renewed J&M Concrete's Workers' Compensation Policy, Policy Number WC15852315 (the "Second J&M Concrete Workers' Compensation Policy"), for the Third Policy Period. A true and correct copy of the Second J&M Concrete Workers' Compensation Policy is attached hereto and incorporated by reference herein as **Exhibit M**.

53. The total initial estimated premium for the Second J&M Concrete Workers' Compensation Policy was $13,537. **Exhibit M**.

54. On or about April 14, 2022, New Hampshire Insurance renewed Intercounty Engineering's Workers' Compensation Policy, Policy Number WC15853218 (the "Second Intercounty Engineering Workers' Compensation Policy"), for the Third Policy Period. A true and correct copy of the Second Intercounty Engineering Workers' Compensation Policy is attached hereto and incorporated by reference herein as **Exhibit N**.

55. The total initial estimated premium for the Second Intercounty Engineering Workers' Compensation Policy was $11,951.00 **Exhibit N**.

56. The total deposit premium for the Third Business Auto Policy, Third Commercial General Liability Policy, Third Randall Mechanical Workers' Compensation Policy, Second J&M Concrete Workers' Compensation Policy, and Second Intercounty Engineering Workers' Compensation Policy (collectively the "Third Policy Period Policies") was $2,960,385.00.

57. Pursuant to the Third Policy Period Policies, Plaintiffs conducted an audit of the books and records of Randall Mechanical, J&M Concrete, and Intercounty Engineering for the Third Policy Period ("Third Policy Period Audit").

58. In the Third Policy Period Audit, Plaintiffs found Randall Mechanical, J&M Concrete, and Intercounty Engineering owed an additional premium in the amount of $157,261.00.

59. Additionally, Randall Mechanical, J&M Concrete, and Intercounty Engineering incurred $8,225.00 in surcharges under the Third Policy Period Policies for the Third Policy Period.

60. Ultimately, Randall Mechanical, J&M Concrete, and Intercounty Engineering owed the following total premium for the Third Policy Period ("Third Policy Period Final Premium"):

| Description | Premium Due |
|---|---|
| Initial Estimated Premium | $ 2,960,385.00 |
| Audit Premium | $ 157,261.00 |
| Surcharge | $ 8,225.00 |
| **Total (Final Premium):** | **$ 3,125,871.00** |

61. Randall Mechanical, J&M Concrete, and Intercounty Engineering made payments in the amount of $2,962,452.00.

62. Subtracting the monies paid to Plaintiffs, the remaining premium balance due on March 12, 2024 for the Policy Period is **$163,419.00.**

### The Policies' Terms

63. The First Policy Period Policies, Second Policy Period Policies, and Third Policy Period Policies (collectively "the Policies") provide that the premium initially charged is an estimate and that the final premium will be determined after the policy ends by using the actual, not the estimated, exposure. **Exhibits A, D, J**, Section IV (B)(6); **Exhibits B, E, K**, Section IV (5); **Exhibits C, F, G, H, I, L, M, N** Part V (E).

64. The Policies also provide that Plaintiffs may conduct audits within three years after the Policies end, and information developed by the audit will be used to determine the final premium. **Exhibits A, B, D, E, J, K**, Common Policy Conditions, (C); **Exhibits C, F, G, H, I, L, M, N** Part V (G).

65. Defendants received and accepted the insurance coverage of the Policies, and agreed under the terms of the Policies to pay all premium due. **Exhibit A, B, C, D, E, F, G, H, I, J, K, L, M, N**.

66. Plaintiffs fully performed all necessary conditions of the Policies.

### Defendants' Failure to Pay

67. Randall Mechanical failed to pay Plaintiffs the full amount of the First Policy Period Final Premium.

68. Plaintiffs issued invoices to Randall Mechanical for the insurance premium due, but Randall Mechanical failed to remit payment.

69. Defendants failed to pay Plaintiffs the full amount of the Second Policy Period Final Premium.

70. Plaintiffs issued invoices to Defendants for the insurance premium due, but Defendants failed to remit payment.

71. Randall Mechanical, J&M Concrete, and Intercounty Engineering failed to pay Plaintiffs the full amount of the Third Policy Period Final Premium.

72. Plaintiffs issued invoices to Randall Mechanical, J&M Concrete, and Intercounty Engineering for the insurance premium due, but Randall Mechanical, J&M Concrete, and Intercounty Engineering failed to remit payment.

73. The total remaining balance due from Defendants on the Policies is $1,847,306.00, plus any applicable costs, interest, and attorneys' fees.

## COUNT I – BREACH OF CONTRACT

74. Plaintiffs incorporate each of the preceding allegations as if fully restated herein.

75. Plaintiffs issued the Policies to Defendants over the First Policy Period, Second Policy Period, and Third Policy Period. **Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N**.

76. Under the Policies, Defendants agreed to remit premium due and owing to Plaintiffs, in exchange for the benefits of coverage under the Policies.

77. The Final Premium that Defendants owed for the First Policy Period, Second Policy Period, and Third Policy Period was to be determined when the policy periods ended, using the actual exposure, through use of audits of Defendants' books and records. *See* **Exhibits A, D, J**, Section IV (B)(6); **Exhibits B, E, K**, Section IV (5); **Exhibits C, F, G, H, I, L, M, N** Part V (E).

78. The estimated premium that Defendants owed for the Policies was determined based on information provided by Defendants. *See* **Exhibits A, D, J**, Section IV (B)(6), Common Policy Conditions, (C); **Exhibits B, E, K**, Section IV (5), Common Policy Conditions, (C); **Exhibits C, F, G, H, I, L, M, N** Part V (E, G).

79. Plaintiffs conducted audits of Defendants' books and records, and properly calculated the exposure under each policy issued to Defendants.

80. Plaintiffs fully performed their duties under the Policies.

81. Plaintiffs issued invoices to Defendants for the outstanding premium in the amount of $1,847,306.00.

82. Defendants failed to pay the premium due and owing to Plaintiffs under the Policies.

4896-3002-8879

83. Because of Defendants' non-payment, Plaintiffs have suffered actual damages in the amount of $1,847,306.00, plus additional pre-judgment and post-judgment interest, and costs.

## COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT

84. Plaintiffs incorporates by reference and realleges the allegations in Paragraphs 1 through 73 above, as though fully set forth herein.

85. At all relevant times herein, Plaintiffs conferred benefits upon Defendants by providing Defendants with insurance coverage.

86. At all relevant times herein, Defendants had knowledge of the benefits conferred by Plaintiffs.

87. Defendants voluntarily accepted, retained, and received the benefits provided by Plaintiffs.

88. Plaintiffs enriched Defendants by the benefits provided.

89. Defendants did not pay Plaintiffs in full for the value of the benefits received.

90. Plaintiffs assert that the remaining unpaid value of the benefits it conferred to Defendants equals $1,847,306.00.

91. Despite the receipt of the enrichment, Defendants refused to make full payment to Plaintiffs for the enrichment received.

92. Defendants' enrichment is unjust.

93. Defendants' retention of benefits under these circumstances violates fundamental principles of justice, equity, and good conscience; the circumstances render Defendants' retention of the benefits inequitable unless Defendants pay Plaintiffs for the value of the benefits received.

94. As a result of Defendants' unjust enrichment, Plaintiffs are owed $1,847,306.00, plus any additional pre-judgment and post-judgment interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, New Hampshire Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA seek a judgment against Defendants in an amount no less than $1,847,306.00, plus costs, expenses, pre-judgment and post-judgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

Dated: August 1, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ *Matthew D. Bernstein*
Matthew D. Bernstein, FL Bar No. 0092260
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
(305) 358-5171
mbernstein@shb.com

Ashley N. Harrison (*pro hac vice forthcoming*)
Emily Pedersen (*pro hac vice forthcoming*)
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550
aharrison@shb.com
epedersen@shb.com

*Attorneys for Plaintiffs New Hampshire Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA*

4896-3002-8879

4896-3002-8879